UNITED STATES of America, et al., Plaintiffs,

v.

MANSION HOUSE CENTER NORTH, et al., Defendants.

MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, Plaintiff,

v.

MANSION HOUSE CENTER SOUTH REDEVELOPMENT COMPANY, et al., Defendants.

Nos. 76–20C(2), 82–115C(2) and 82–123C(2).

United States District Court, E.D. Missouri, E.D.

Sept. 23, 1982.

J. Christopher Kohn, Washington, D.C., Joseph B. Moore, Donald Flint, St. Louis, Mo., for U.S.

Gerald Rimmel, St. Louis, Mo., receiver.

Eugene Portman, St. Louis, Mo., for Tenant Towers Hotel Corp.

Gene M. Zafft, Merle Silverstein, St. Louis, Mo., for receiver, Gerald Rimmel.

James F. Gunn, St. Louis, Mo., for Mansion House.

Lawrence Sanders, St. Louis, Mo., Trustee.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this court on the motion of Mercantile Trust Company National Association (hereinafter "Mercantile") to compel settlement. Mercantile is seeking an order which would enforce the Mercantile Settlement and compel Mansion House Center South Redevelopment Company and the United States Department of Housing and Urban Development to comply with the terms of the Mercantile Settlement. Mercantile's motion is filed in response to the proceedings which took place in open court on Tuesday, September 14, 1982, wherein this court stated that the settlement proposed between the Mansion House Center Redevelopment Company and the United States in Cause No. 76–20C(2) was not acceptable.[1] In addition, this court now believes that the latter settlement between the United States and the Owners is not in compliance with the dictates of Rule 41(a)(1) of the Federal Rules of Civil Procedure. It is clear from paragraphs 7 and 8 of the Mercantile Agreement that settlement of the litigation involving Mercantile is contingent upon settlement of the litigation in related cases. Paragraph 7 provides explicitly that "the parties understand and agree that this Agreement shall be null and void and of no force and effect unless both of the following events occur: (i) this Agreement is approved by authorized officials at HUD and the Department of Justice and (ii) on or before the Closing Date HUD and the Owner Partnership reach full and final settlement of the Foreclosure Litigation on terms mutually satisfactory to HUD and the Owner Partnership." In light of this provision, this court is unable to comply with Mercantile's request that an order be entered compelling settlement of the cases in which it is involved, or of the foreclosure litigation.

Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court . . . by filing a stipulation of dismissal signed by all parties who have appeared in the action." However, the provisions for voluntary dismissal in Rule 41(a)(1) are expressly made subject to the provisions of Rule 23(e), Rule 66 and any statute of the United States. Rule 66 of the Federal Rules of Civil Procedure provides that "[a]n action wherein a receiver

---

1. The three foreclosure actions were initiated by the United States of America against the "Owner Partnerships" for the purpose of seeking the right to foreclose with respect to certain notes and deeds of trust on the Mansion House Towers.

has been appointed shall not be dismissed except by order of the court." The policy behind this portion of the rule is that "[i]t prevents a party from ousting the receiver without first obtaining the court's approval, which prevents the court's investment in the long range program of receivership it has established from being wasted." 12 Wright & Miller, *Federal Practice and Procedure,* § 2982 P. 13 (1973). It is the conclusion of this court that Rule 41(a)(1) does not allow the United States and the Mansion House Redevelopment Co. to voluntarily dismiss Cause Nos. 79–616C(2), 79–617C(2), and 79–618C(2) without the approval of this court. Although the parties have not yet filed their stipulation of dismissal, they have advised this court that it is their intention to do so. Moreover, this court believes that the policy behind Rule 66 requires court approval of any settlement agreement that might be presented by the parties in Cause No. 76–20C(2).

On September 13, 1982, this court entered an order in Cause No. 76–20C(2) in which it formally consolidated Cause Nos. 79–616C(2), 79–617C(2), 79–618C(2), and 80–1563C(2). This consolidation was pursuant to an order of the Eighth Circuit filed on December 11, 1981. *United States of America v. Mansion House Center Redevelopment Co.,* 676 F.2d 705. In its opinion, the Court of Appeals affirmed this court's denial of a motion to terminate the receivership and remanded the case "to consolidate this action with the three foreclosure actions." In addition, the court noted that it was within the discretion of the trial court to consolidate "any other closely relat-

ed cases involving the Mansion House Center properties." Finally, the Eighth Circuit suggested that after the disposal of any preliminary matters, a hearing should be held to determine whether a receiver is warranted in these consolidated actions.

Although this court did not enter its order consolidating these actions until September 13, 1982, the parties tacitly have been treating these actions as one. To hold otherwise would be elevating form over substance. The clerk's office has consistently filed duplicates of documents in the different files and the various parties have submitted objections to settlement agreements proposed in the Mansion House litigation in which they were not named parties. Perhaps the objections to the various settlement agreements demonstrate the interrelated nature of these actions and the importance of treating these cases as one.[2] Throughout the settlement process this court has reiterated time and time again that piecemeal settlement of this litigation would be unacceptable. This court believes without reservation that it would be impossible to reach an equitable settlement of this matter unless the litigation is resolved *in toto.*[3] It is evident from the various objections of the different parties to the different proposed agreements that settlement of one action would have an effect upon the interest of the other litigants in the Mansion House litigation. More importantly, it is clear from the many years of litigation, that these cases involve issues that in importance rise above the normal matters addressed by private litigants in lawsuits. The foreclosure actions which

---

**2.** The Receiver and Mr. Probstein filed objections to the settlement agreement proposed by the Mansion House Center Redevelopment Company and the United States in the foreclosure litigation. More significantly, the United States and the "Owner Partnerships" have filed objections to the settlement proposed by Mr. Probstein and the Receiver. In fact, paragraph 29 of the proposed settlement of the foreclosure litigation explicitly provides that "HUD shall disapprove the presently pending Settlement Agreement in the Probstein/Rimmel Litigation and shall not approve any subsequent *proposed settlement* of said litigation which is not acceptable to the Owner Partnerships."

**3.** The settlement of the foreclosure suits leave many issues unresolved. The proposed settlement between the United States and "Owner Partnerships" fails to obtain from the Owners an express ratification of the lease executed by the Receiver and Towers Hotel Corporation in November of 1979, which effectuated a lease of the South residential tower of the project. It is the opinion of this court that the government urged the approval of this lease when it was first executed and now has reneged on its responsibility by failing to assure that the lease will not be attacked in future litigation. The question of lease best demonstrates how the piecemeal settlement of this litigation is inequitable.

HUD and the "Owners" presently wish to settle were initially brought by the government for the purpose of protecting the public interest. In response to the request of the government, this court appointed a receiver in the hopes of aiding in the protection of the public interest. There is no doubt that settlement of the foreclosure cases would have an effect upon this receivership and properties within the registry of this court. In fact, the receiver objects to the settlement proposed by the "Owners" and HUD on several grounds, and the parties to the settlement plan upon filing a motion to terminate the receivership subsequent to the implementation of their settlement.

In conclusion, this court believes that though a formal order consolidating these cases was not entered until September 13, 1982, the actions of the parties, the order of the Eighth Circuit and equity require the matters to be treated as one. Therefore, Rule 41(a)(1) does not provide for a voluntary dismissal because "all parties who have appeared in the action" have not agreed or consented to the proposed settlement. Finally, although a hearing has not as of yet been held to determine whether a receiver is warranted in the consolidated actions, this court still believes that the policies behind Rule 66 require court approval prior to dismissal of any aspect of this litigation. To hold otherwise would be to ignore the existence of the receivership, the presence of properties within the registry of this court, and the interrelated nature of this litigation. More importantly, if HUD and the "Owners" are allowed to dismiss the foreclosure cases voluntarily, the effect would be to waste this court's investment in the program of the receivership and to ignore this court's attempt to resolve the Mansion House litigation in an equitable fashion.

Accordingly, the motion of the Mercantile Trust Company National Association to compel settlement will be denied, and in view of the joint request of all the parties in open court further proceedings in regard to questions concerning the modification of the South Tower lease, the continuation of the receivership, and the foreclosure suits will be continued pending the Eighth Circuit's ruling, or until further order of this court.